United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41541

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GUILLERMO GARCIA, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1394-ALL

_____

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant Guillermo Garcia was charged with transporting an illegal alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Garcia challenged his competency to stand trial due to the continuing impairment he suffers as a result of a traumatic brain injury. The district court, after conducting an evidentiary hearing, found Garcia competent to stand trial, notwithstanding Garcia's obvious comprehension and communication difficulties. Garcia then entered a guilty plea subject to a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reservation of the right to appeal the district court's competency determination.  This appeal ensued.

Expert witnesses have reached conflicting conclusions as to Garcia's competency to stand trial.  However, none of the experts have conducted objective tests to determine the extent to which Garcia has the ability "to assist properly in his defense," 18 U.S.C. § 4241(d) (2005), nor have they conducted such tests to determine his ability to comprehend.  Further, no explanation has been provided as to why such objective testing cannot be done or would not provide meaningful results.  Although the record indicates Garcia is unable to learn traditional sign language, the record does not reflect any attempts to enhance Garcia's ability to communicate through a more formal method of sign language, nor any objective testing to determine if such was possible.  These omissions leave us with serious concerns as to the voluntariness of Garcia's plea, and his competency to stand trial.  We therefore vacate the conviction and sentence and remand for further proceedings.

VACATED and REMANDED.